HARRY MICHLER, RESPONDENT, v. NEW AMSTERDAM CASUALTY COMPANY, INCORPORATED, APPELLANT.

Submitted January 28, 1927—Decided January 3, 1928.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Harley, Cox & Walburg* (*Harry E. Walburg* and *William H. D. Cox,* of counsel).

For the respondent, *William Simon.*

The opinion of the court was delivered by

KALISCH, J. The appellant appeals from a judgment rendered against it in the First District Court of the city of Newark, for the respondent, plaintiff below, in an action brought by the latter to recover the sum of $500, the loss

sustained by him through a robbery, and against which loss he was insured by a combination burglary and robbery policy of insurance, issued by appellant company to him, on February 23d, 1926.

The plaintiff was engaged in the restaurant business. On March 20th, 1926, two men entered the plaintiff's place of business with revolvers drawn, bound, gagged and tied the plaintiff and took from his person the sum of $450 in cash and $50.30 from the cash register, and then decamped. The loss was immediately reported to the police department and also to the appellant company. The company refused to pay the claim. The grounds upon which the company based its refusal to pay was, that the assured had forfeited all right to recover on his policy in that he had failed to use reasonable precaution to safeguard the property against loss by robbery, and neglected to keep books and accounts from which the loss could be accurately determined.

To the action brought, the company set up as a bar to the plaintiff's right to recover upon the policy of insurance, the following provisions of the policy: "The company shall not be liable for any loss; (c) unless the assured has taken all reasonable precaution to safeguard the property against loss by robbery; (d) unless books and accounts are kept by the assured and the loss can be accurately determined therefrom by the company."

The grounds of appeal are directed to the refusal of the trial judge to grant a nonsuit, and to his judicial action in giving judgment for the plaintiff.

From the testimony it appears that the plaintiff could neither read nor write; that he kept no books of account; that he had no bank account; that he kept the proceeds derived from his business either upon his person or in the cash register.

The facts are not in dispute.

The appellant's contention that because it appeared that the plaintiff kept the sum of $450 on his person and $50.30 in the cash register, he, therefore, failed in safeguarding his property, and because he did not keep any books and accounts of his business, he forfeited the right to recover for his loss

under the policy, was properly and satisfactorily disposed of by the trial judge as follows: "I deny the motion for non-suit because so far it has not been shown to me how he could better safeguard his money than by keeping it in his pocket, nor in anyway indicated to me how books of account could, in the slightest degree, help anyone to determine the amount of money taken from a cash register, naturally, the presumption being that the money has been recently received and placed in the cash register."

"As to keeping books of account, I cannot see how, if books of account had been kept in this case, anything beyond the $450 might appear that ought to appear, if there had been books of accounts."

In the instant case, the assured kept a lunch room in the public market, at Wright street, in the city of Newark. The character of the business carried on by the assured was presumably known to the insurer. It is not customary for an illiterate proprietor of a one-man business to keep books, and it seems to us that in the present case the assured being neither able to read nor write, and it appearing from *Exhibit P-1,* attached to the policy, that the assured was required to answer a number of questions, it is a fair presumption that the defendant company was made aware that the assured was not conducting such a business in which books and accounts are kept. The very nature of the business, carried on in the public market, by a single individual, where coffee, tea, sandwiches, &c., are served, is in itself sufficient to indicate that no books or accounts are being kept other than in an informal way, such as in the present case, by a cash register, which sums up the daily receipts.

Forfeiture clauses in insurance policies are not favored in law. *Hampton* v. *Hartford Fire Insurance Co.,* 65 *N. J. L.* 265.

Whether or not the assured had taken all reasonable precaution to safeguard the property against loss by robbery was a factual question for the trial judge to determine, and his finding of fact is not reviewable. It surely cannot be asserted as a sound legal proposition that, because the assured kept $450 in his pockets and $50 in the cash regis-

ter, he did not use reasonable precaution to safeguard his property.

Whether reasonable precaution has been used to safeguard property against robbery depends upon the circumstances of each individual case. Therefore, it cannot be properly maintained in the instant case, where it appears that the life of the assured was threatened, and while in such peril the robbery was committed, that the loss the assured sustained by the robbery was due to a lack of reasonable precaution on his part to safeguard his property, for it is just as likely that if the money had been contained in a steel safe, securely locked, it would have been no securer there against robbery than it was in the pockets of the assured, under the potent and menacing influence of two loaded revolvers leveled at him.

It is true that clause (d) of the policy provides: "Unless books and accounts are kept by the assured and the loss can be accurately determined therefrom by the company," the company shall not be liable for such loss.

A fair reading of this provision, bearing in mind that forfeitures are not favored in law, and that where there is an ambiguity found in a contract of this nature, such a provision should be most strongly construed against the insurer, and should be construed in a sense so as not to work an injustice to an assured, leads us to the view that the plain meaning of the provision is, that when it becomes necessary to accurately determine a loss by robbery and it appears that the keeping of books and accounts is material and necessary in order to attain that end, then in such a case the failure to have complied with provision (d) operates to defeat any liability for loss on part of the company.

There is nothing before us in the case *sub judice* that tends to show that the keeping of books and accounts by the assured was material or would have been in the least helpful and necessary to accurately determine the loss of the assured, sustained by him as a result of the robbery. No suggestion was made, on behalf of the appellant, that the assured did not suffer the loss claimed by him.

Judgment is affirmed, with costs.